UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

In re:   Case No. 19-25191-BKC-RAM
         Chapter 7

**CRUISELINE FORMALWEAR, INC.**

      Debtor.                    /

**TRUSTEE, BARRY E. MUKAMAL'S *EXPEDITED*[1] MOTION TO AUTHORIZE AND APPROVE PROPOSED PRIVATE SALE OF ESTATE'S RIGHT, TITLE AND INTEREST IN CERTAIN SCHEDULED CLOTHING & ACCESSORIES, FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES**
*(Expedited Hearing Requested)*

Barry E. Mukamal, as Chapter 7 trustee of the bankruptcy estate of Cruiseline Formalwear, Inc. (the "Trustee"), through counsel and pursuant to 11 U.S.C. §§ 105 and 363, Federal Rules of Bankruptcy Procedure 2002 and 6004, and Local Rule 6004-1, files his Expedited Motion to Authorize and Approve Proposed Private Sale of Estate's Right, Title and Interest in Certain Scheduled Clothing & Accessories, Free and Clear of All Liens, Claims and Encumbrances (the "Sale Motion" or the "Motion"), and as good cause for same, states as follows:

**I. Summary of Requested Relief**

1.    By this Motion, the Trustee seeks, among other relief, entry of an order: (a) authorizing and approving the proposed private sale of the Estate's right, title and interest in certain scheduled formalwear and related accessories as summarized on Exhibit "A" attached hereto and incorporated by reference (collectively, the "Formalwear") to (i) Holland America Line N.V., in its capacity as general partner of Cruiseport Curacao C.V. ("Holland America"),

---

[1] Contemporaneously with the filing of this Motion, the Trustee is filing his *Ex Parte* Motion to Shorten the Notice Period for a hearing on the instant Motion from twenty-one (21) days to ten (10) days.

and (ii) Princess Cruise Lines, Ltd. ("Princess, and together with Holland America, the "Cruiselines" or the "Proposed Buyers"), jointly and severally, for $15,000.00 "AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or his professionals, but free and clear of all liens, claims and encumbrances; and (b) granting other related relief, on the terms and conditions set forth herein.[2]

2.      As summarized below, the Formalwear is aboard approximately 31 of the Cruiselines' ships in various places around the world, much of it is in less than ideal condition, the universe of potential buyers is extremely limited, and the costs associated with transporting and marketing the Formalwear would be significant. Accordingly, for the reasons set forth herein, the Trustee asserts that the proposed sale satisfies the "sound business purpose" test and is in the best interests of this Estate.

## II. Jurisdiction and Venue

3.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III. Limited Relevant Background

4.      This case commenced with the filing of a voluntary Chapter 7 petition by the Cruiseline Formalwear, Inc. (the "Debtor") on November 11, 2019 (the "Petition Date"). Shortly thereafter, Barry E. Mukamal was appointed as Chapter 7 trustee of the Debtor's bankruptcy estate (the "Estate").

5.      The 341 Meeting of Creditors was held and concluded on December 12, 2019.

---

[2] The transaction detailed herein shall be referred to as the "Proposed Sale."

**The Debtor and the Formalwear**

6. Prior to the Petition Date, the Debtor, among other things, consigned tuxedos and other formalwear and related accessories to cruise lines for on-ship rental by passengers. A review of the Debtor's schedules reflects the existence of $383,000 (at cost) in tuxedos on 44 ships worldwide, including ships owned by the Cruiselines, as well as numerous executory contracts between the Debtor and various cruselines, including the Cruiselines.

7. Information obtained by the Trustee, including, but not limited to, the Debtor's principal's testimony at the 341 Meeting, suggests that much of the Formalwear is old, heavily worn, and of significantly less forced liquidation value fair than the scheduled value.

8. Despite efforts by the Trustee and his representatives, the Trustee has been unable to locate third-party buyers (other than the Cruiselines) for any of the Formalwear, and the costs involved in shipping the Formalwear from various places around the world back to South Florida, combined with storage and marketing costs, makes it unfeasible for the Trustee to do so.

9. When first approached by the Trustee, the Cruiselines expressed no interest in the Formalwear and advised that they wished to return the Formalwear to the Trustee.

## IV. The Proposed Sale

10. Thereafter, the Trustee again contacted the Cruiselines to inquire as to whether they would be interested in purchasing the Formalwear free and clear of any liens, claims or encumbrances, as the Trustee planned to abandon same, and after significant negotiation, the Cruiselines advised the Trustee that they would be amenable to purchasing all of the Estate's right, title and interest in the Formalwear **"AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or his professionals** in exchange for: (a)

payment of $15,000 to the Trustee; plus (b) a waiver of any and all claims that the Cruiselines may possess against the Estate.[3]

11. Schedule "D" does not reflect any secured creditors and a review of Florida's secured transaction registry reflects no UCC-1 financing statements against the Debtor.

12. As noted above, the Cruiselines, jointly and severally, have agreed to purchase the Estate's right, title and interest in the Formalwear "AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or his professionals, but free and clear of all liens, claims and encumbrances for: (a) $15,000 payable to the Trustee in cleared funds within ten (10) days of entry of an order granting the instant Motion and approving the Proposed Sale (the "Approval Order"); and (b) waiver of any and all claims, if any, that the Cruiselines may possess against the Estate. And because the Cruiselines are in possession of the Formalwear and therefore familiar with the Formalwear and its condition, the Trustee asserts that the sale "AS-IS, WHERE-IS" and without representations or warranties of any type being given by the Trustee or his professionals is appropriate under the circumstances.

13. All fees, costs and taxes arising from or related to the Proposed Sale of the Formalwear, including, but not limited to, sales tax and any transfer fees, if any, will be paid by the Proposed Buyer and the only documents that the Trustee will be required to deliver to effectuate and consummate the Proposed Sale is a Trustee's Quit-Claim Bill of Sale and a copy of the Approval Order. In addition, as noted above, the Cruiselines have agreed to waive any and all claims and causes of action they may possess against the Estate, if any, and acknowledges that they are entitled to no claim against, or distribution from, the Estate.

---

[3] The Claims Bar Date has passed and the Cruiselines have not filed a claim in this case.

## V. Legal Argument and Citation to Authorities

### 11 U.S.C. § 363(b)

14.     Section 363(b)(1) of the Bankruptcy Code provides: "The trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate."  11 U.S.C. § 363(b)(1).  Further, in pertinent part, Rule 6004(f)(1) states that, "all sales not in the ordinary course of business may be by private sale or by public auction."  Fed. R. Bank. P. 6004(f)(1).

15.     A court should approve the use, sale or lease of property out of the ordinary course of business if there is an articulated business justification.  *See In re Abbotts Dairies of Pa. Inc.*, 788 F.2d 143, 145 (3rd Cir. 1986).

**Sound Business Purpose**

16.     With respect to satisfying the elements of the "sound business purpose" test[4], for the reasons set forth herein, the Trustee asserts that the proposed sale of the Estate's right, title and interest in the Formalwear to Holland America is the most cost effective and efficient way to monetize the Estate's right, title and interest in the Formalwear. Creditors and other parties in interest will receive accurate and reasonable notice of the terms of the Proposed Sale through this Motion, and will have the opportunity to object and/or make higher and better offers.

17.     Generally, courts have applied four (4) factors in determining whether a sale of a debtor's assets should be approved: (a) whether a sound business reason exists for the proposed transaction; (b) whether fair and reasonable consideration is provided; (c) whether the transaction has been proposed and negotiated in good faith; and (d) whether adequate and reasonable notice has been provided.  *See Committee Of Equity Sec., Holders v. Lionel Corp. (In re Lionel, Corp.)*, 722 F.2d 1063, 1071 (2d Cir. 1983).

---

[4] *See In re Continental Airlines, Inc.*, 780 F.2d 1223, 1226 (5th Cir. 1986).

18. The fundamental analysis with respect to approving a sale is the same whether the sale is private or public. *See, e.g., In re Ancor Exploration Co.*, 30 B.R. 802, 808 (Bankr. N.D. Okla. 1983)("[T]he bankruptcy court should have wide latitude in approving even a private sale of all or substantially all of the estate assets not in the ordinary course of business under §363(b)"). A bankruptcy court has broad discretion in the administration of a debtor's bankruptcy estate which includes the ability to authorize private sales of estate property. *In re WPRV-TV, Inc.*, 413 B.R. 315, 319 (D.P.R. 1991), vacated on other grounds, 165 B.R. 1 (D. P.R. 1992).

19. In the instant case, the Trustee asserts that the Proposed Sale meets all of the aforementioned requirements and should be approved.

    A.    **The Proposed Sale Reflects the Exercise of the Trustee's Sound Business Judgment**

20. The Proposed Sale provides for the immediate monetization of the Formalwear at a fair price based on forced liquidation value and in light of the Formalwear's condition and location, and avoids the expense and uncertainty associated with the Estate continuing its efforts to market and attempt to liquidate the Formalwear which, as noted above, is located on 31 ships around the world. The alternative to the Proposed Sale is abandonment and the issuance of a Report of No Distribution.

21. Accordingly, the Trustee asserts that the Proposed Sale is in the best interests of this Estate.

    B.    **The Purchase Price is Fair and Reasonable**

22. In light of, among other things, the expense and uncertainty of continuing to market, and attempting to liquidate the Formalwear, the condition of the Formalwear, and the location of the Formalwear, and given the lack of other offers to date, the Trustee believes that

the Purchase Price represents fair and reasonable consideration for the sale of the Estate's right, title and interest in the Formalwear. The terms of the Proposed Sale, including the Purchase Price, was the product of arm's length negotiations between the Trustee and the Cruiselines.

### C.     The Sale is Proposed in Good Faith

23.     The Trustee asserts that the Proposed Sale is the product of good faith negotiations between the Trustee and the Proposed Buyer, and submits that the Proposed Sale was negotiated in good faith. Accordingly, the Trustee asserts that the Proposed Buyer is entitled to the protections of a good-faith purchaser under the Bankruptcy Code.

24.     For the foregoing reasons, the Trustee asserts that the Proposed Sale is the most cost effective, timely, and viable way to monetize the Estate's right, title and interest in the Formalwear, and thus, the Trustee asserts that the Proposed Sale to the Proposed Buyer is in the best interest of this Estate and its creditors.

### Authority for Trustee to Execute Documents

25.     Assuming that the instant Motion is granted, the Trustee also seeks authority to: (a) take all actions; and (b) execute all documents, that he deems reasonable, necessary and/or desirable to effectuate the Proposed Sale.

### Exculpation of Trustee and His Professionals

26.     The Trustee further requests that the Approval Order contain standard language exculpating the Trustee and his professionals from and against any and all claims and causes of action which may or could be asserted against them arising from or related to the performance of their duties in connection with the Proposed Sale, except for claims or causes of action based on gross negligence or willful misconduct.

**Relief from the Fourteen-Day Waiting Period Under Bankruptcy Rule 6004(h) is Appropriate**

27. Finally, because, among other things, time is of the essence to the Proposed Buyer and the Trustee, the Trustee requests that this Court waive the 14 day stay period pursuant to Rule 6004(h) and authorize the parties to close on the Proposed Sale immediately upon entry of the Approval Order.

**Retention of Jurisdiction**

28. Finally, the Trustee respectfully requests that the Approval Order vest this Court with sole and exclusive personal and subject matter jurisdiction to interpret, implement, enforce and resolve any and all disputes arising from or related to the: (a) relief sought in this Motion; (b) Proposed Sale; and (c) relief authorized by the Approval Order.

29. General counsel for the Cruiselines has reviewed this Motion prior to its filing and has confirmed that it accurately reflects the agreement of the parties.

**WHEREFORE**, Barry E. Mukamal, as Chapter 7 trustee of the bankruptcy estate of Cruiseline Formalwear, Inc., respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) authorizing and approving the Proposed Sale on the terms and conditions set forth herein; and (3) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,

BAST AMRON LLP
*Counsel for the Trustee, Barry E. Mukamal*
SunTrust International Center
One Southeast Third Avenue, Suite 1400
Miami, Florida 33131
Telephone: 305.379.7904
Email: sbrown@bastamron.com

By:*/s/ Scott N. Brown*
    Scott N. Brown, Esq. (FBN 663077)

Case No. 19-25191-BKC-RAM

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 14th day of February, 2020, as follow:

### **VIA CM/ECF**

- Laudy Luna    ll@reyeslunalaw.com
- Barry E Mukamal    bemtrustee@kapilamukamal.com, FL64@ecfcbis.com
- Office of the US Trustee    USTPRegion21.MM.ECF@usdoj.gov

### **VIA U.S. MAIL**

*All parties on the attached mailing matrix.*

/s/ Scott N. Brown<br>
Scott N. Brown, Esq.

## Consolidated Inventory Counts

| Consolidated | Black Jackets | White Jacket | Black Pants | White Shirts | Men's Shoes | Women's Shoes | Bow Ties | Cuff Links | Cummerbunds (Black and Red) | Vest | Suspenders (Black and White) | Belts | Ladies Skirts | | | Ladies Blouses | | | | | Black Garment Bag |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | Black Velvet | Crepe | Formal | Velvet | Gold | Black Glitter | Gold Glitter | Black Crepe | |
| Fleet Totals | 2044 | 191 | 1906 | 2705 | 726 | 58 | 735 | 1443 | 1440 | 352 | 296 | 0 | 150 | 101 | 13 | 162 | 221 | 119 | 44 | 9 | 450 |



EXHIBIT A

Cruiseline Formalwear Inc
14250 SW 136 St.
Suite # 8
Miami, FL 33186-6718

Carvinal Corporation
c/o NRAI Services, Inc.
1200 South Pine Island Road
Fort Lauderdale, FL 33324-4413

~~Celebrity Cruises Inc.~~
~~C/o Legal Department~~
~~1050 Caribbean Way~~
~~Miami, FL 33132-2028~~

Celebrity Cruises Inc.
c/o Bradley H. Stein as registered agent
1050 Carribean Way
Miami, FL 33132-2028

Fusion
210 Interstate North Parkway
Suite 300
Atlanta, GA 30339-2233

~~Holland America Line Inc~~
~~300 Elliott Avenue West~~
~~Seattle, WA 98119-4198~~

Holland America Line Inc.
Attn: Vice President, On Board Revenue
300 Elliott Avenue West
Seattle, WA 98119-4198

~~Holland America Line NV LLC~~
~~450 Thurd Avenue West~~
~~Seattle, WA 98119~~

Holland America Line NV LLC
c/o CT Corporation System
1200 South Pine Island Road
Fort Lauderdale, FL 33324-4413

~~Magical Cruis Company Limited~~
~~d/b/a Disney Cruis Line~~
~~210 Celebration Place~~
~~Suite 400~~
~~Celebration, FL 34747-4600~~

Magical Cruise Company
500 S Buena Vista St.
Burbank, CA 91521-0105

Magical Cruise Company Limited
c/o Registered Agent
Margaret C Giacalone
1375 Buena Vista Drive, 4th Floor North
Lake Buena Vista, FL 32830-8402

Magical Cruise Company Limited
d/b/a Disney Cruise Line
210 Celebration Place
Suite 400
Celebration, FL 34747-4600

~~Office of the US Trustee~~
~~51 S.W. 1st Ave.~~
~~Suite 1204~~
~~Miami, FL 33130-1614~~

Premier Property Portfolio
11160 SW 93rd Avenue
Miami, FL 33176-3658

Premier Property Portfolio LLC
11160 sw 3 ave
miami, FL 33174

Princess Cruise Lines LTD (Corp).
c/o CT Corporation System
1200 South Pine Island
Fort Lauderdale, FL 33324-4413

Princess Cruise Lines LTD (Corp).
c/o Legal Department
24305 Town Center Drive
Valencia, CA 91355-4999

Princess Cruise Lines Ltd
Legal Department, Attnd; General Counsel
450 Third Avenue West
Seattle, WA 98119-4002

~~Barry E Mukamal~~
~~PO Box 14183~~
~~Fort Lauderdale, FL 33302-4183~~

~~Laudy Luna~~
~~Reyes & Luna Law~~
~~75 Miracle Mile # 347623~~
~~Coral Gables, FL 33234-5027~~